## ABBOTT v. '76 LAND & WATER CO.

### Sac. No. 310; May 31, 1898.

#### 53 Pac. 445.

**Option—Necessity of Notice of Acceptance.**—There is No Contract authorizing action for damages by one given option to buy within certain time, where he does not give notice of acceptance of offer, though the offer is withdrawn before expiration of the time.

APPEAL from Superior Court, Tulare County.

Action by M. O. Abbott, substituted for Joseph Marriott, against the '76 Land & Water Company. Judgment for defendant. Plaintiff appeals. Affirmed.

O. L. Abbott for appellant; Daggett & Adams for respondent.

HAYNES, C.—A demurrer to plaintiff's second amended complaint was sustained without leave to amend, and judgment of dismissal was entered, and the plaintiff appeals.

The complaint is very long, but for the purposes of this opinion the facts alleged may be stated as follows: The defendant is a corporation owning large quantities of land and certain water rights, canals and ditches, by means of which much of its lands, including the six hundred and forty acre tract in controversy, may be irrigated. For several years prior to October 1, 1886, the defendant leased portions of the lands to different persons under cropping contracts, and these contracts contained a clause giving the cropper the right

to purchase the land described in the contract, for a price
and upon terms therein stated, at any time before the ex-
piration of the lease.   The price fixed in these contracts in-
cluded a water right of forty inches of water for each forty
acres.   The defendant also advertised that it would ,let its
lands upon these terms, and also had adopted a resolution
to that effect.   Joseph Marriott had occupied the land here
in question for several years prior to October 1, 1886, under
leases or contracts containing the option to purchase above
stated; but the lease for the year commencing October 1,
1886, did not contain such option.   In May, 1887, the land
commenced to increase in value, and by October 1st its value
had about doubled.   In July, 1887, the defendant announced
that it withdrew all its lands from sale under these options.
It is further alleged that about September 25, 1897, Marriott
elected to purchase the land in question, claiming that under
the usages and resolutions of defendant he had the right to
purchase, but did not notify or inform the defendant of his
election, nor tender or offer to pay the purchase money, but
would have done so if he had not believed the statements of
defendant withdrawing its land from sale; that he was not
aware that his right to purchase could be enforced notwith-
standing the withdrawal until a few weeks before this suit
was commenced; that he was always able, ready and willing
to pay, and now offers to pay, the sum at which said land
was scheduled, viz., $17,800; that in July, 1890, defendant
sold the water right incident to said land for $64,000, and
has had said money on interest at six per cent per annum;
that because of said representations he surrendered posses-
sion of the land, the annual rents and profits of which were
$1,600.   The prayer is that defendant be required to convey
the land, that it be charged with the $64,000 received for the
water right, and interest thereon, and with the rents and
profits, from all which he offers to deduct the price of the
land, and accept a judgment for ''a balance of trust fund
amounting to $80,220.''   The present plaintiff, having suc-
ceeded in some way to Marriott's rights, was substituted as
plaintiff.

Placing the most favorable construction possible upon the
complaint, and assuming that the previous usages, customs
and resolutions of the defendants are to be considered as
incorporated in Marriott's lease made in October, 1886, and

assuming further that defendant could not take away his right of purchase by its withdrawal of the option and announced determination not to sell or convey, still there was no contract of sale created between the parties. The acceptance of the offer must be communicated to the party making the offer, or there is no contract. The withdrawal of the option, or the announcement that it would not sell or convey the property, could not relieve Marriott from the necessity of communicating his acceptance of the offer, though it might possibly obviate the necessity of a tender of the purchase money, or an offer to pay it, if he had taken the necessary step to create a contract by notifying the defendant, before the expiration of the lease, of his acceptance of the offer. The allegations of the complaint in this regard amount simply to this: that Marriott mentally concluded that, if the defendant had not refused to sell, he would buy; that for seven or eight years he acquiesced and gave no voice to his desire to purchase, when he was advised that he could have compelled the defendant to sell and convey, and still could do so with the added advantage of being relieved from any payment on account of the purchase, and of recovering $80,220 with which to start business on the ranch. The most remarkable feature of the case is that he should have been so advised. The demurrer was properly sustained without leave to amend, and the judgment of dismissal should be affirmed.

We concur: Searls, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.